G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd, Suite 960
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BURDULIS,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CREDIT ONE BANK, N.A.,<br><br>            Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2.  VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## INTRODUCTION

1.     DAVID BURDULIS (Plaintiff) bring this action to secure redress from CREDIT ONE BANK, N.A. (Defendant) for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5. Defendant, is a national bank engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in Nevada. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt" with respect to Plaintiff's account number ending in -0744.

7. Defendant constantly and continuously called Plaintiff at his telephone number ending in -0873 with the intent to harass Plaintiff into paying alleged debt in the approximate amount of $635.11. Defendant called Plaintiff upwards of five (5) times in a single day (that being November 18, 2015) despite having already been advised that Plaintiff did not want to be contacted by Defendant.

8. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment, including upwards of at least four (4) telephone calls in one day. As an illustrative example and not one of limitation, Defendant contacted or attempted to contact Plaintiff at the following times: 1) October 31, 2015: 2) November 2, 2015 at 9:13 a.m., 10:32 a.m., 11:31 a.m. and 12:57 p.m.; 3) November 3, 2015 (at least 3 times); 4) and at least twice on November 5, 2015. Defendant called on several and numerous other occasions as well- with the intent to harass Plaintiff.

9. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

10. Further evidencing Defendant's intent to harass Plaintiff is the fact that different numbers were used to contact Plaintiff. As an illustrative example and not one of limitation, Defendant contacted or attempted to contact Plaintiff from the following telephone numbers: (210)739-6460; (360)928-7144; (209)218-6013; and (208)908-0901.

11. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

12. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

13. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone numbers multiple times using equipment which has the capacity to store or produce telephone numbers to be called, using

1 random or sequential number generator and to dial such numbers, also known as
2 an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. §
3 227(a)(1)(A) and (B).

4  14. Defendant never received Plaintiff's consent to call Plaintiff on
5 Plaintiff's cellular telephones using an "automatic telephone dialing system" as
6 defined in 47 U.S.C. § 227 (a)(1).

7  15. Even assuming arguendo that Defendant did have consent to call
8 Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was
9 revoked by Plaintiff.

10  16. Defendant is not a tax-exempt nonprofit organization

11  17. Defendant's violation of the TCPA was willful. Defendant's
12 violation of the TCPA was willful because Plaintiff requested that Defendant
13 cease calling Plaintiff.

## FIRST CAUSE OF ACTION

**(Violation of the RFDCPA, CAL. CIV. CODE § 1788)**

 18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

 19. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

 (a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

 (b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

 (c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

20. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

24. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for

each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

COMPLAINT FOR DAMAGES

(h) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: March 22, 2016     MARTIN & BONTRAGER, APC

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*